# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4536 | **DATE** | 2/15/2001 |
| **CASE TITLE** | RICHARD PENDLETON vs. LASALLE NATIONAL BANK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Plaintiffs' Motion to Quash is Denied, and Defendants's Motion for Disqualification is Denied. Defendant's motion to compel [108] is under advisement.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 1 6 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 131 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | 01 FEB 15 PM 5:31 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION.

| | |
|---|---|
| RICHARD PENDLETON and<br>MARCIA DOERING,<br><br>Plaintiffs,<br><br>v.<br><br>LASALLE NATIONAL BANK, N.A.<br><br>Defendant. | Case No. 98 C 4536<br><br>The Honorable John W. Darrah |

DOCKETED

FEB 1 6 2001

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Quash the subpoena issued to their counsel and Defendant LaSalle National Bank's ("LaSalle") Motion to Disqualify Plaintiffs' counsel. LaSalle has argued that counsel for Plaintiff should be deposed and disqualified pursuant to Local Rule, 83.53.7 because he has unique knowledge relevant to this case deriving from his representation of Plaintiffs in the underlying probate matter. For the following reasons, the Court denies Plaintiffs' Motion to Quash and denies Defendant's Motion to Disqualify with leave to re-file pending the content of Plaintiffs' counsel's deposition.

## PROCEDURAL HISTORY

On September 1, 2000, Plaintiffs filed a Motion to Quash the deposition subpoena issued to its counsel pursuant to FED.R.CIV.P. 26(c). On November 14, 2000, Defendant filed a Motion to Disqualify counsel for Plaintiffs pursuant to Local Rule 83.53.7.

## LEGAL STANDARD

Defendant has moved for disqualification of Plaintiffs' counsel pursuant to Local Rule 83.53.7 since it intends to call counsel as a witness to substantiate a defense. Local Rule 83.53.7 provides:

> If a lawyer knows or reasonably should know that the lawyer may be called as a witness other than on behalf of the client, the lawyer may act as an advocate in a trial or evidentiary proceeding unless the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client.

The commentary to LR83.53.7 explains the dangers which arise if counsel is called as a witness adverse to his client:

> The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as an analysis of the proof.

However, Illinois law frowns on disqualification of attorneys. The court in *Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp.*, 218 Ill.App.3rd 383, 396, 577 N.E.2d 1344, 1354 (IL. App. Ct. 1991), noted that:

> Thus, disqualification is regarded as a drastic measure which courts should grant only when the movant can show that the lawyer's testimony is likely to prejudice the testifying lawyer's own ... clients.

## DISCUSSION

Plaintiffs have sought to quash the subpoena issued to their counsel, arguing that: (1) Plaintiffs' attorney has no knowledge of the relevant facts; (2) Defendant's sole purpose is harassment; (3) Defendant intends to move to disqualify Plaintiffs' Counsel, and (4) Defendant has made no showing that Plaintiffs have knowledge not available by other means. (Pl. Mot. at 1,2).

An attorney may be deposed if he or she represents a party to litigation in issue. *See e.g., Hunt Intl. Resources Corp. v. Binstein*, 98 F.R.D. 689, 690 (N.D.IL 1983)(Aspen, J.). "[C]hallenges to the taking of an attorney's deposition, based upon claims that any of the attorney's testimony will involve disclosure of privileged information or work product, have been held to be premature." *Id.* "The more appropriate method is to allow the deposition to be taken and permit the attorney to claim privilege in the face of certain questions, if necessary." *Id.*

This Court agrees with Defendant and denies Plaintiffs' Motion to Quash the subpoena. Due to statute of limitations concerns, one issue in the pending case is the exact time that Plaintiffs became aware of certain matters/ events in the underlying probate case. Plaintiffs have not denied Defendant's allegation that the attorney who did the majority of legal work for Plaintiff in the probate case is not available to be deposed. Furthermore, Plaintiffs have not denied Defendant's allegation that Plaintiffs' counsel may have been hired as early as 1988 to examine the issues which form the substance of this lawsuit. (Def. Res. 2). The Court therefore directs Plaintiffs' counsel to submit to a deposition by Defendant's counsel to be concluded by March 5, 2001. This order should not be interpreted as limiting Plaintiffs' counsel's ability to assert attorney client privilege where appropriate.

As to Defendant's Motion for Disqualification, the Court finds that this Motion is pre-mature. Until Plaintiffs' counsel has been deposed, and the parties given an opportunity to make arguments regarding the content and significance of counsel's proposed testimony, this Court is not in a position to consider this Motion. The Court therefore denies Defendant's Motion for Disqualification but grants Defendant leave to re-file.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Quash is DENIED, and Defendant's Motion for Disqualification is DENIED.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: Feb. 15, 2001