
Minute Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4536 | **DATE** | 8/12/2002 |
| **CASE TITLE** | RICHARD PENDLETON vs. LASALLE NATIONAL BANK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 8/28/02 at 9:00 a.m. Enter Memorandum Opinion And Order. LaSalle's bill of costs is granted in part and denied in part. Defendant is awarded a total of $1,054.70 in costs ($103.50 + $834.00 + $117.20). Attorney fee petition to be filed on or before 8/28/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 14 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 198 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT,
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION



| | |
|---|---|
| RICHARD PENDLETON and MARCIA DOERING, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 98 C 4536 |
| v. | )<br>) The Honorable John W. Darrah |
| LASALLE NATIONAL BANK, N.A., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Richard Pendleton and Marcia Doering ("Plaintiffs"), sued Defendant, LaSalle National Bank ("LaSalle"), for negligence and breach of fiduciary duty. Summary judgment was granted in favor of LaSalle, and judgment was entered in favor of LaSalle. LaSalle has filed a bill of costs.

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs



unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. A losing party may overcome this presumption by a showing of indigence. *McGill v. Faulkner*, 18 F.3d 456, 457 (7th Cir. 1994). However, actual indigence, not merely limited financial resources, must be demonstrated. *Craven v. City of Chicago*, No. 97 C 8845, 2001 WL 62573 (N.D. Ill. Jan. 25, 2001); *Falcon v. City of Chicago*, No. 98 C 4028, 2000 WL 1231403 (N.D. Ill. Aug. 28, 2000). Costs may also be denied if the prevailing party engaged in misconduct that is worthy of a penalty. *Weeks*, 126 F.3d at 945.

LaSalle seeks $1,577.20 for deposition transcripts and court reporter fees in connection with depositions of Plaintiffs; John Dienner III ("Dienner"), Plaintiffs' counsel; and Charles Csakai, the Vice-President of the Wealth Management Division of LaSalle. This amount included the cost of the reporter's time, an expedited transcript and a mini-transcript. Plaintiffs object for three reasons: (1) the cost of the transcript of the deposition of Dienner was not "necessarily obtained" for use in the case, (2) LaSalle did not compute the costs at the rate established by the Judicial Conference, (3) mini-transcripts are not properly taxed as costs because they are for the convenience of counsel. LaSalle did not explain why an expedited transcript or a mini-transcript was necessary.

Dienner's deposition transcript was "necessarily obtained" because (1) it was used to support LaSalle's motion for disqualification of Dienner as counsel and (2) LaSalle relied upon his testimony in its motion for summary judgment to establish Plaintiffs' awareness of claims against LaSalle before this action was commenced.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber v. Ruth*, 7

F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.00 as the rate per page for an original transcript and $4.00 per page for each expedited copy.

LaSalle does not explain why the expedited transcript of Charles Csakai's deposition was necessary. Ordinarily, such fees will not be allowed. However, here, the expedited copy was made at a rate of $2.25 per page. This rate is below the rate established by the Judicial Conference for original and expedited copies. Therefore, the Court awards LaSalle $103.50 (46 pages at $2.25 per page).

LaSalle also seeks $1,099.70 for 278 pages of deposition transcripts. These transcripts were made at a rate that exceeds the rate established by the Judicial Conference. Accordingly, the Court will allow the deposition transcripts at the standard rate of $3.00 per page. The Court awards LaSalle $834.00 (278 pages at $3.00 per page) for deposition transcripts.

Since LaSalle did not explain why a mini-transcript was necessary, such fees will not be allowed. Therefore, the Court disallows $25.00 for this cost.

LaSalle seeks $404.00 for the cost of court reporter attendance. However, none of the invoices submitted in support of those charges indicate the number of hours of court reporting. It cannot be determined how many hours were spent court reporting, the rate at which court reporting was charged, or whether that rate was reasonable under the Judicial Conference, from the other two invoices. Therefore, $404.00 of the court reporter fees will be disallowed.

LaSalle also seeks $175.80 for duplicating costs. The duplicating costs include three copies of 293 pages, consisting of LaSalle's motion for summary judgment, supporting memorandum of law, and statement of undisputed facts and exhibits at a rate of $0.20 per page.

The pleadings and motions were "necessarily obtained for use in the case" and require no

F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.00 as the rate per page for an original transcript and $4.00 per page for each expedited copy.

LaSalle does not explain why the expedited transcript of Charles Csakai's deposition was necessary. Ordinarily, such fees will not be allowed. However, here, the expedited copy was made at a rate of $2.25 per page. This rate is below the rate established by the Judicial Conference for original and expedited copies. Therefore, the Court awards LaSalle $103.50 (46 pages at $2.25 per page).

LaSalle also seeks $1,099.70 for 278 pages of deposition transcripts. These transcripts were made at a rate that exceeds the rate established by the Judicial Conference. Accordingly, the Court will allow the deposition transcripts at the standard rate of $3.00 per page. The Court awards LaSalle $834.00 (278 pages at $3.00 per page) for deposition transcripts.

Since LaSalle did not explain why a mini-transcript was necessary, such fees will not be allowed. Therefore, the Court disallows $25.00 for this cost.

LaSalle seeks $404.00 for the cost of court reporter attendance. However, none of the invoices submitted in support of those charges indicate the number of hours of court reporting. It cannot be determined how many hours were spent court reporting, the rate at which court reporting was charged, or whether that rate was reasonable under the Judicial Conference, from the other two invoices. Therefore, $404.00 of the court reporter fees will be disallowed.

LaSalle also seeks $175.80 for duplicating costs. The duplicating costs include three copies of 293 pages, consisting of LaSalle's motion for summary judgment, supporting memorandum of law, and statement of undisputed facts and exhibits at a rate of $0.20 per page.

The pleadings and motions were "necessarily obtained for use in the case" and require no

detailed explanation.

A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies for its own use. *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000). LaSalle does not explain why there are additional copies of the pleadings and motions. Therefore, LaSalle will be permitted two copies of all the pleadings and motions itemized in Exhibit B.

A charge of $0.20 per page has been found to be reasonable by the courts. *See, e.g., Kateeb v. Dominick's Finer Foods, Inc.*, No. 96 C 1229, 1997 WL 630185, at *1 (N.D. Ill. Sept. 30, 1997). Accordingly, the Court awards defendant $117.20 for photocopying costs for copies of pleadings and motions (293 pages x 2 copies x $0.20).

For the reasons stated above, LaSalle's Bill of Costs is granted in part and denied in part. Defendant is awarded a total of $1,054.70 in costs ($103.50 + $834.00 + $117.20).

Dated: 8-12-02

JOHN W. DARRAH
United States District Judge