# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4536 | **DATE** | 3/19/2003 |
| **CASE TITLE** | RICHARD PENDLETON vs. LASALLE NATIONAL BANK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Defendant's motion for summary judgment is granted.

(11) ■   [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 21 2003 date docketed | |
| ✓ | Docketing to mail notices. | | 234 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD PENDLETON and )
MARCIA DOERING, )
)
    Plaintiffs, ) Case No. 98 C 4536
)
v. ) The Honorable John W. Darrah
)
LASALLE NATIONAL BANK, N.A., )
) **DOCKETED**
    Defendant. )
MAR 2 1 2003

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Richard Pendleton ("Richard") and Marcia Doering ("Marcia") (collectively "Plaintiffs"), filed an amended complaint[1] against Defendant, LaSalle National Bank, now known as LaSalle Bank National Association ("Defendant"), alleging negligence (Count I) and breach of fiduciary duty (Count II).[2]

On April 24, 2002, this Court entered summary judgment in favor of Defendant on these claims on the grounds that they were barred by the applicable statute of limitations. Plaintiffs appealed the grant of summary judgment. On October 25, 2002, the Court of Appeals for the Seventh Circuit affirmed the grant of summary judgment on Plaintiffs' conversion claims and affirmed in part and reversed in part the grant of summary judgment on Plaintiffs' negligence and breach of fiduciary duty claims. The Seventh Circuit remanded this case for consideration of claims

---

[1] Brian Pendleton, Plaintiffs' brother, was formerly a defendant in this action but was dismissed pursuant to a default judgment in favor of Plaintiffs.

[2] Defendant was granted summary judgment by Judge Zagel on a third count for conversion on June 21, 2000.

-1-



accruing after July 1993.

Defendant, pursuant to Federal Rule of Civil Procedure 56, moves for summary judgment on the issues of whether it failed (1) to promptly close and distribute the assets of the estate and Plaintiffs' mother's living trust and (2) to prevent Brian Pendleton ("Brian"), Plaintiffs' brother, from delaying the close of the estate through his vexatious litigation tactics. For the reasons that follow, Defendant's Motion for Summary Judgment is granted.

## LEGAL STANDARD

Summary judgment is appropriate when there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the

opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## BACKGROUND

The undisputed facts taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def.'s 56.1")[3] and exhibits are as follows.

Richard now resides in and is a citizen of Nevada. (Pl.'s 56.1 ¶ 1.) Marcia was, at all material times, a citizen of Ohio and now resides in North Carolina. (Def.'s 56.1 ¶ 2; Pl.'s 56.1 ¶ 1.) Richard, Marcia, and Brian are now in their fifties and sixties. (Pl.'s 56.1 ¶ 1.) Defendant is a national banking association having its principal offices in Illinois. (Def.'s 56.1 ¶ 3.)

Esther Pendleton ("Mrs. Pendleton") was the mother of Plaintiffs and Brian. (Def.'s 56.1 ¶ 6.) For many years prior to her death, Mrs. Pendleton lived at and owned 151 Abington Avenue in Kenilworth, Illinois. (Pl.'s 56.1 ¶ 2.) For less than a year prior to her death, Defendant served as the guardian of Mrs. Pendleton's disabled estate. (Def.'s 56.1 ¶ 7.) Defendant was also the trustee of a "pour-over" trust ("the Trust") that she had created under a trust instrument dated September 4, 1986. (*Id.*) Mrs. Pendleton passed away on August 27, 1987. (*Id.* ¶ 6.)

Mrs. Pendleton's probate estate was opened in the Cook County Circuit Court, Probate

---

[3]The Court will not consider unsupported statements of fact or general "denials" that do not contain references to the factual record, as required by Local Rule 56.1(3). *See Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) (noting that the Seventh Circuit repeatedly upheld strict compliance with the local rules governing summary judgment given the importance of local rules that structure the summary judgment process). All 56.1 responses which fall into this category are deemed admitted.

Division in September 1987 as case number 87 P 8849 ("the probate case"). (*Id.* ¶ 8.) Brian was appointed co-administrator of Mrs. Pendleton's estate under the supervision of the Honorable Henry Budzinski, then Presiding Judge of the Probate Division. (*Id.* ¶ 9.) As of November 7, 2001, Brian was removed as co-administrator of Mrs. Pendleton's estate; and Defendant was appointed as administrator under the supervision of Judge Budzinski. (*Id.* ¶ 10.)

Brian filed many appeals from orders entered by the Probate Court, including Appellate Court of Illinois, First District appeals numbered 94-1626, 94-1694, 94-2203, 94-3824, 96-3312, and 97-0210. (Pl.'s 56.1 ¶ 15.) The home in Kenilworth, Illinois was sold in April 1993 in an "as is" condition subject to a $200,000 mortgage placed on the home by Brian for an alleged rehabilitation project. (*Id.* ¶ 16.) Defendant frequently took positions adverse to Brian. (*Id.* ¶ 17.) For example, it filed a petition to evict Brian from the home, opposed Brian on each of his appeals and Brian's petition for administrator's fees. (*Id.*)

During the pendency of the Probate Case, Plaintiffs never sought Defendant's removal as administrator. (Def.'s 56.1 ¶ 20.) The Probate Case did not conclude until August 10, 1999, when Judge Budzinski entered orders approving the final account and discharging Defendant as administrator. (*Id.* ¶ 11.) Brian's activities delayed the conclusion of the Probate Case and, therefore, the closing of the Estate. (*Id.* ¶ 14.) Upon entry of an order by Judge Budzinski, the Estate was closed and its assets distributed to the Trust in the same month that the Probate Case was concluded. (*Id.* ¶ 15.) By the time the Probate Case had concluded, Plaintiffs had initiated this action. (*Id.* ¶ 16.)

Under the terms of the Trust Agreement, Defendant is entitled to "reasonable compensation" for the services provided by attorneys in connection with the administration of the Estate. (*Id.* ¶ 17.) Defendant is also entitled to pay or make provision for the payment of taxes and reasonable

administrative fees. (*Id.* ¶ 17.) Defendant states that it has not closed the Trust or distributed the Trust assets because it is entitled to reimbursement of reasonable attorney's fees and costs incurred in defending this action from the Trust assets and Defendant will not know how much those fees and costs will be until this case is concluded. (*Id.* ¶ 18.) Defendant estimated the amount of attorney's fees, taxes and costs it would incur to be $150,000 and distributed the remaining assets of the Trust to Plaintiffs. (*Id.* ¶ 19.) Except for a small sum paid to Marcia to meet a medical emergency, Defendant did not make any distributions from the Trust until 2001. (Pl.'s 56.1 ¶ 18.) Defendant still hold in excess of $164,000 of Plaintiffs' money, which it refuses to distribute. (*Id.* ¶ 18.)

Plaintiffs filed a three-count complaint against Defendant and Brian on July 23, 1998. (Def.'s 56.1 ¶ 21.) The counts pled against LaSalle were negligence (Count I) and breach of fiduciary duty (Count II). (*Id.* ¶ 21.) On September 23, 1999, the Honorable James B. Zagel, the United States District Court judge previously assigned to this case, entered a default judgment against Brian on Count II in the amount of $491,377.20. (*Id.* ¶ 22.)

On February 29, 2000, Plaintiffs filed an amended complaint, restating their claims against Defendant for negligence (Count I) and breach of fiduciary duty (Count II) and including an additional claim for conversion (Count III). (*Id.* ¶ 23.) On June 21, 2000, Judge Zagel entered summary judgment in favor of Defendant on Plaintiffs' conversion claim. (*Id.* ¶ 24.)

Subsequently, this case was assigned to this Court; and on April 24, 2002, this Court entered summary judgment in favor of Defendant on Plaintiffs' negligence and breach of fiduciary duty claims on the ground that those claims were barred by the statute of limitations. (*Id.* ¶ 25.) Plaintiffs and Brian appealed the various rulings. On October 25, 2002, the Seventh Circuit affirmed the judgment against Brian, the grant of summary judgment on Plaintiffs' conversion claims, and the

grant of summary judgment in favor of Defendant on Plaintiffs' negligence and breach of fiduciary duty claims accruing before July 1993. (*Id.* ¶ 26.) The Seventh Circuit reversed the grant of summary judgment on Plaintiffs' negligence and breach of fiduciary duty claims accruing after July 1993 and remanded for consideration of such claims. (*Id.* ¶ 27.) Specifically, the Seventh Circuit held:

> In other words, the plaintiffs are barred from recovering for negligent acts or breaches occurring before July 1992, but they are not barred from recovering for conduct occurring after that time. . . . Therefore, the district court erred in dismissing the claims in their entirety merely because the plaintiffs knew about *some* of LaSalle's alleged conduct more than five years before bringing suit.
> . . .
> For example, the plaintiffs alleged LaSalle was negligent and breached a fiduciary duty in taking an unreasonable amount of time to close the estate and the trust and to distribute the assets; any such negligence or breach may have occurred after July 1993. The house was sold in April 1993, but LaSalle had not yet closed the estate when the plaintiffs filed suit in July 1998 and have not yet distributed all of the assets. Therefore, if LaSalle was negligent or breached a duty, and the negligence or breach occurred after July 1993, then the plaintiffs' claims, as they relate to this conduct, would not be barred. But whether and when LaSalle was negligent or breached a duty, as well as when the plaintiffs knew it, are currently unresolved factual questions.

*Pendleton v. Pendleton*, Nos. 01-1315, 01-1618, 02-2255, 02-2395, 2002 WL 31430290, at *3 (7th Cir. Oct. 25, 2002) (internal citations omitted).

## DISCUSSION

Plaintiffs state the following in support of the assertion that their breach of fiduciary duty claims are not time barred: (1) the estate was closed in August 1999, and Defendant did not secure the limited partnership interests allegedly stolen by Brian or sue Brian for damage caused to the home prior to that date; (2) Defendant invested all of the estate's assets in low-interest money market funds owned by Defendant until closure of the estate in August 1999; (3) Defendant failed to take

action to timely close the estate by failing to present its Final Accounting to the probate court until 1999 although the house was sold in April 1993, burdening the estate with six additional years of administrator's and attorneys' fees; (4) Defendant failed to seek appeal bonds, supervisory and mandamus relief, orders barring frivolous and repetitive appeals and to seek dismissal of pending appeals by Brian; (5) Defendant failed to identify and implement an effective trial and appellate strategy; (6) Defendant failed to petition the trial and appellate for and secure sanctions against Brian; (7) Defendant failed to timely prepare a Final Accounting, close the estate, fund the Trust and distribute its assets; (8) Defendant's failed to distribute the Trust assets to the beneficiaries; and (9) Defendant wrongfully took Trust monies to pay its defense costs in the case at bar.

Defendant answers that the only claims that could have accrued after July 1993 are Plaintiffs' claims that it failed to close Mrs. Pendleton's estate and pour-over trust in a timely fashion and to prevent Brian's vexatious litigation tactics. Defendant argues that any delays occasioned by litigation between Plaintiffs and Brian and, later, Plaintiffs and Defendants do not, as a matter of law, rise to the level of a breach of fiduciary duty. Defendant also argues that it did not breach a fiduciary duty by not opposing Brian's claims in the probate and appellate court because it had a duty to remain impartial in the dispute.

To prove a claim of breach of fiduciary duty, a plaintiff must show that (1) a fiduciary relationship existed between it and the defendant, (2) the defendant owed the plaintiff certain duties, (3) the defendant breached those duties, and (4) there were resulting damages. *See Prime Leasing, Inc. v. Kendig*, 332 Ill. App. 3d 300, 313 (2002). Illinois law provides that:

> actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or person, or to recover the possession of personal property or damages for the detention or conversion thereof,

and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.

735 Ill. Comp. Stat. 5/13-205 (2002). The five-year statute of limitations provided for in section 5/13-205 applies to actions for breach of fiduciary duty, "regardless of the fact that . . . the fiducial relationship arose from a written contract." *Armstrong v. Guigler*, 174 Ill. 2d 281, 294 (1996).

Under Illinois law, a cause of action accrues "when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 415 (1981). "At some point the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Knox College*, 88 Ill. 2d at 416. When the running of the statute of limitations begins is a question of fact. *Knox College*, 88 Ill. 2d at 416. However, "[w]here it is apparent from the undisputed facts . . . that only one conclusion can be drawn, the question becomes one for the court." *Witherell v. Weimer*, 85 Ill. 2d 146, 156 (1981).

Here, it is undisputed that a fiduciary relationship existed between Plaintiffs and Defendant, first, as the trustee of Trust and, later, as the administrator of Mrs. Pendleton's estate. An administrator has a fiduciary duty to collect and preserve the assets of the estate. *In re Estate of Oliver*, 21 Ill. App. 3d 416, 419 (1974). Under Illinois law,

> a trustee owes a fiduciary duty to a trust's beneficiaries and is obligated to carry out the trust according to its terms and to act with the highest degrees of fidelity and utmost good faith. . . . Further, a trustee owes a fiduciary duty to serve the interest of the beneficiaries with total loyalty, excluding all self-interest, and is prohibited from dealing with the trust's property for her individual benefit.

*Giagnorio v. Emmett C. Torkelson Trust*, 292 Ill. App. 3d 318, 325 (1997). "'[T]he burden of proof rests upon the one who claims that a trustee had imprudently retained or invested trust funds, for a

trustee is presumed to have acted in good faith and to have performed his duties under the trust.'"
*Jefferson Nat'l Bank v. Central Nat'l Bank*, 700 F.2d 1143, 1152 (7th Cir. 1983) (quoting G. Bogert & G. Bogert, The Law of Trusts & Trustees, § 871 (2d ed. 1982)).

To survive summary judgment, Plaintiffs must demonstrate, through specific evidence, that there is a genuine issue of material fact as to whether Defendant breached its fiduciary duty or was negligent from which a rational jury could return a verdict in their favor. *See Celotex*, 477 U.S. at 322-27. Plaintiffs have not presented any evidence supporting their allegations of negligent administration of the Estate or of specific conduct by LaSalle after July 1993 that delayed the closing of the Estate or the preparation of a Final Accounting. Rather, Plaintiffs recite, over two pages, only the following unsupported allegations:

> 1) LaSalle failed to secure assets of the estate prior to its closure in August, 1999, including: a) the limited partnerships taken by Brian and b) the estate's claim against Brian for his waste and mismanagement of the estate's assets, particularly, the home;
> 2) LaSalle failed to reasonably manage and invest the estates' assets and self-dealt with the estates' assets through the date the estate closed in August, 1999;
> 3) LaSalle failed to take reasonable actions to effect a timely closure of the estate follwoing the sale of the home and did not close the estate until August , 1999;
> 4) LaSalle failed to seek appeal bonds for Brian's appeals, supervisory and mandamus relief, orders barring frivolous and repetitive appeals and allowed motions to dismiss appeals to be taken with the case from 1994 through 1998;
> 4) LaSalle failed to identify and implement an effective trial and appellate strategy adequate to address Brian's dilatory tactics in the Probate and Appellate Courts and, instead, continuously fell prey to Brian's delay strategy, in part, by requesting the court to enter sequential orders which permitted Brian to file sequential frivolous appeals from such orders through 1998 putting the case on hold in the trial court during each such appeal;
> 6) LaSalle failed to petition for and secure sanctions against Brian for his dilatory conduct, bad faith legal positions, frivolous appeals and other acts of misconduct;
> 7) LaSalle failed to promptly prepare and file a Final Accounting and take such other actions as were necessary to expeditiously close the estate, fund the Trust and distribute the Trust's assets;
> 8) LaSalle continues to fail to this day to perform its fiduciary, statutory and common-law duties as trustee of the Trust by refusing to distribute the assets of the

> Trust to its beneficiaries; [and]
> 9) LaSalle breached its fiduciary duties by paying its defenses costs in the case at bar from the corpus of the Trust without first obtaining a court finding that it was "without fault" for the acts alleged in the amended complaint.

(Pls.' Mem. Opp'n Def.'s Mot. Summ. J. at 5-6.) These allegations are redundant, conclusory and insufficient to establish that any of Plaintiffs' breach of fiduciary duty or negligence claims accrued after July 1993. Plaintiffs have not identified any specific conduct after July 1993 that would have given rise to Plaintiffs' claims against Defendant. Rather, Plaintiffs have identified conduct by Defendant that they knew or should have known was wrongfully causing them injury before July 1993. Furthermore, their response and statement of facts merely reiterate the allegations recited in their Amended Complaint without any factual support that their claims were caused by Defendant's conduct after July 1993.

Plaintiffs have not identified any actionable conduct by Defendant that delayed closure of the estate. It is undisputed that Defendant could not close the estate under Illinois law until the probate court approved the final accounting and that Brian filed motions and appeals through 1999 that delayed the closing of the estate.

Plaintiffs have not established that there is a genuine issue of material fact as to whether Defendant breached a fiduciary duty by failing to curb Brian's litigation conduct. Plaintiffs have not cited any conduct by Defendant that shows that Defendant failed to deal effectively with Brian's appeals, design an effective appellate strategy or that any of Brian's motions were successful. Plaintiffs have not cited any case law that establishes that Defendants had a duty to seek and obtain supervisory orders from a superior court or seek sanctions against Brian.

Moreover, Plaintiffs continue to allege claims that were found by the Seventh Circuit to have

been properly dismissed by this Court as barred by the statute of limitations, among them: that Defendant did not prevent Brian from living rent-free; that Defendant did not oppose the mortgage and prevent Brian from converting assets and damaging the home; and that after becoming administrator, Defendant did not pursue actions against Brian and invested the estate's assets in money-market accounts owned by Defendant. *See Pendleton*, 2002 WL 31430290, at *2-3.

Plaintiffs claim that Defendant breached a fiduciary duty by wrongfully appropriating Trust monies for attorney's fees. "The general rule is that a trustee found to be without fault is entitled to reimbursement from the trust for all expenses properly incurred in administering and defending the trust." *First Midwest Bank of Joliet v. Dempsey*, 157 Ill. App. 3d 307, 316 (1987). Plaintiffs argue that Defendant has not yet been found to be without fault and, therefore, was not entitled to pay attorney's fees from the Trust Estate.

The fact that Defendant's attorney's fees must ultimately be approved by the Court does not bar Defendant from making reasonable provision for payment of these expenses. The Trust Agreement provides that Defendant may pay or make provision for the payment of taxes and other administrative costs, which is what Defendant has done. If the Court finds that Defendant's reasonable attorney's fees are less than the amount that has been withheld, the difference will be distributed to Plaintiffs. Thus, Plaintiffs have not established that there has been a breach of fiduciary duty due to the withholding of Trust monies for attorney's fees.

Therefore, Defendant's Motion for Summary Judgment is granted.

## CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment is granted.

**IT IS SO ORDERED.**

*[signature]*
John W. Darrah, Judge
United States District Court

Date: March 19, 2003