# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4536 | **DATE** | 5/14/2003 |
| **CASE TITLE** | RICHARD PENDLETON vs. LASALLE NATIONAL BANK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. The amended rule 59 motion to alter and amend the February 13, 2003 ruling and motion to vacate the Court's February 25, 2003 order filed by Brian Pendleton ("Movant") are denied. Any motions that are subsequently filed by Brian Pendleton shall comply with requirements of Rule 11.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 1 5 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 249 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |

FILED FOR DOCKETING
03 MAY 14 PM 4:28

Date/time received in central Clerk's Office   mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD PENDLETON and MARCIA DOERING, ) ) ) Plaintiffs, ) ) v. ) ) LASALLE NATIONAL BANK, ) ) Defendant. ) | Case No. 98 C 4536<br><br>Honorable John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Amended Rule 59 Motion to Alter and Amend the February 13, 2003 Ruling and his Motion to Vacate the Court's February 25, 2003 Order filed by Brian Pendleton ("Movant"). For the reasons that follow, the motions are denied.

In order to resolve these motions, a brief summary of the procedural history of this case is necessary. On July 23, 1998, Plaintiffs filed a complaint against the Movant and LaSalle National Bank. In an order dated January 8, 1999, the United States District Court Judge previously assigned to this case ordered the Movant to file an answer to the complaint on January 13, 1999. On January 20, 1999, that judge granted Plaintiff's motion for a default judgment against the Movant.

Movant orally moved to vacate the default; but that motion was denied on August 25, 1999. On September 23, 1999, the previous judge denied Movant's renewed motion to set aside default judgment and struck his answer. On September 23, 1999, that judge entered a $491,377.20 judgment against the Movant. Movant then filed multiple motions before that judge, raising the issue of whether the amount-in-controversy requirement had been met. Those motions were denied, and Movant appealed. That appeal was dismissed for want of prosecution.

Movant then filed two subsequent Rule 60(b) motions, which were denied by this Court. Movant appealed both denials. In his appeal of his first Rule 60(b) motion, he contended that the judgment was void due to lack of subject matter jurisdiction. The Seventh Circuit affirmed this Court's denial of that motion, noting that the collateral challenge to subject matter jurisdiction was not valid and not proper basis for a Rule 60(b) motion because it could have been raised on direct appeal pursuant to *Bell v. Eastman Kodak*, 214F.3d 798, 800-01 (7th Cir. 2000). The Court of Appeals for the Seventh Circuit held that Movant's second appeal was untimely and dismissed it.

Since that time, Movant has filed several motions pursuant to Rule 60(b) and Rule 59. All of these motions seek to vacate the default judgment against him on the basis that this Court lacks subject matter jurisdiction. The most recent of these motions are presently before the Court.

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *In re Oil Spill by the "Amoco Cadiz" off the Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992). Movants

should not use a motion for reconsideration to rehash arguments previously rejected by the court. *Sikora v. AFD Indus., Inc.*, 18 F. Supp. 841, 844 (N.D. Ill. 1998).

The Amended Rule 59 Motion to Alter and Amend the February 13, 2003 Ruling and his Motion to Vacate the Court's February 25, 2003 Order raise the same arguments and grounds that have been rejected by this Court and the Seventh Circuit. Therefore, these motions are denied.

Rule 11 provides, among other things, that:

> [b]y presenting to the court . . . a . . . written motion . . . an unrepresented party is certifying to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .

Fed.R.Civ.P. 11(b)(1), (2). Rule 11 also provides that if the court determines that subdivision (b) has been violated, the court may impose an appropriate sanction upon the party who has violated subdivision (b). Fed.R.Civ.P. 11(c). Any motions that are subsequently filed by Brian Pendleton shall comply with the requirements of Rule 11.

Dated: May 14, 2003

JOHN W. DARRAH
United States District Judge

-3-